UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WALDEN,

                Plaintiff,

-against-

THE CITY OF NEW YORK AND
MUNICIPALITY OF NEW YORK COUNTY;
CYRUS VANCE JR.; SHILPA KALRA;
JAMES MEEHAN; STEVE STANLEY; CITY
OF NEW YORK DEPARTMENT OF LAW,

                Defendants.

20-CV-9360 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at Orleans Correctional Facility in Albion, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He sues the City of New York; New York County District Attorney Cyrus Vance, Jr., and Assistant District Attorney Shilpa Kalra; New York City Police Department ("NYPD") detectives James Meehan and Steve Stanley; and the New York City Department of Law. By order dated November 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are taken from the complaint. On August 20, 2015, police officers "kidnap[ped]" Plaintiff inside his home in Harlem "despite [Plaintiff's] having done nothing to warrant suspicion." (ECF No. 2, at 1.) The officers "posed as firemen" and entered his home without permission while Plaintiff was asleep. (*Id.*) Defendants "then created fabricated manufactured evidence to unlawfully detain[] and falsely imprison[] him, and unlawfully prosecuted him without ever prosecuting him without A element of a crime and without a True Bill of Indictment an[d] without[] ever convicting him or sentencing the Plaintiff." (*Id.*)

The complaint alleges that Defendants "fabricated" or "manufactured" a number of documents related to Plaintiff's arrest and prosecution. For example, Defendants "created a fabricated [and] manufactured" warrant to "kidnap" him "without ever arresting him and used to illegally search him and his home in violation of § 690.35 without subject matter jurisdiction." (*Id.* at 2.) The warrant "was created with (8), manufactured incidents of ma[n]ufactured (DNA), and execulpatory [sic] evidence and falsified statements and manufactured crime cites, and a[n] incorrect Address to execute and without ever being [a]uthorized by the Court so ordered by the Court . . . ." (*Id.*) (underlined text and parentheses in original).

In August and September 2015, Defendants held "UnAuthorized Grand Jury Proceedings" that were used "to create a fabricated manufactured Book of Grand Jury Minutes." (*Id.* at 5.) They also fabricated a "Decision and Order without a Notice of Entry dated December 5, 2017. To (2), CPL § 440.10. Motions, to a Amended CPL § 440.10. and a CPL § 440.10. Motion to Amend, in violation of CPLR § 2020. and CPL § 440.10." (*Id.* at 6.) Plaintiff alleges that, "[n]ot one of the Motions were ever filed with the Court, so ordered by the Court to be Answer for the Appellate or the Court of Appeals" and that "[t]he Decision and order was A sham to keep Plaintiff unlawfully detained." (*Id.*)

Plaintiff maintains that he "was not ever sentence[d] on December 1, 2017." (*Id.* at 10.) Rather, he was held in the County Jail "on a 60-day stay of execution, without ever being indicted or sentence[d] the defendants then created A fabricated manufactured Undirective Order, to Re-Sentence Plaintiff without him ever going back to Court." (*Id.* at 10.) Defendants then "created" seven counts of burglary in the first degree and two counts of burglary in the third degree, "as a multi-state offender without ever being sentence[d]." (*Id.*)

Plaintiff also includes the following allegations, which do not appear to be related to his other claims: on September 8, 2019, he was assaulted by another inmate at Orleans Correctional Facility, after which the sergeant "wrote a manufactured report" giving Plaintiff a disciplinary infraction while the other inmate was "let go to go home out side of the facility." (*Id.* at 9.)

Plaintiff seeks money damages.

Public records show that Plaintiff pleaded guilty to nine counts of burglary in the third degree. *People v. Walden*, Index No. 3190/15 (Sup. Ct. New York Cnty.); *see* ECF No. 2-1, at 57. On December 1, 2017, the trial court sentenced Plaintiff as a second felony offender to an aggregate term of six to twelve years' incarceration. (*See* ECF No. 2-1, at 58.) Plaintiff filed a motion under N.Y. Crim. Pro. L. § 440.10, in which he argued that his conviction must be vacated because the trial court lacked subject matter jurisdiction because he was illegally indicted. (*See id.* at 75-79.) His § 440.10 motion was denied by decision and order dated August 10, 2018, *see id.* at 57-63, and on February 26, 2019, the Appellate Division, First Department, denied Plaintiff leave to appeal, *see id.* at 86. On December 12, 2019, this court received Plaintiff's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *Walden v. Wolcott*, ECF 1:19-CV-11409, 2. Plaintiff's § 2254 petition is pending.

## DISCUSSION

Because Plaintiff alleges that Defendants violated his federal constitutional rights and seeks money damages, his claims arise under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Prosecutorial immunity**

The Court must dismiss Plaintiff's claims against Manhattan District Attorney Cyrus Vance and Assistant District Attorney Shilpa Kalra. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Vance and Kalra are based on actions within the scope of their official duties and associated with the conduct of a trial. The Court therefore dismisses these claims because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.     Claims against the City of New York Department of Law**

Plaintiff's claims against the New York City Department of Law must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**C.     Claims against the City of New York**

Plaintiff fails to state a claim against the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff has failed to allege any facts suggesting that the City of New York has a policy, custom, or practice that caused a violation of his constitutional rights. The Court

therefore dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Claims against Detectives Meehan and Stanley**

The Court construes Plaintiff's allegations as asserting claims under § 1983 of false arrest and malicious prosecution against Meehan and Stanley. But any § 1983 claims for damages arising out of Plaintiff's arrest and prosecution are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Because success on Plaintiff's claims would necessarily imply the invalidity of his conviction – and he does not assert that his conviction has been overturned or otherwise invalidated – *Heck*'s favorable termination rule bars the § 1983 claims for damages. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not

cognizable under § 1983."). The Court must therefore dismiss Plaintiff's claims arising from his arrest and prosecution. 28 U.S.C. § 1915(e)(2)(B)(ii).

E.     **Events occurring at Orleans Correctional Facility**

The Court must also dismiss Plaintiff's claims arising from the assault and disciplinary hearings that occurred at Orleans Correctional Facility. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff does not allege any facts showing that any of the Defendants were personally involved in the events at Orleans Correctional Facility underlying his claims.[3] The Court therefore dismisses Plaintiff's claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the complaint for failure to state a claim on which relief may be granted, for seeking monetary relief from defendants who are immune from such relief, and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

SO ORDERED.

Dated:   December 18, 2020
         New York, New York

                                            *Louis L. Stanton*
                                        _____
                                           LOUIS L. STANTON
                                              U.S.D.J.

---

[3] Venue is not proper in this Court regarding events occurring at Orleans Correctional Facility, which is located in Orleans County, New York. Orleans County falls within the Western District of New York. *See* 28 U.S.C. § 112(d). In light of the other deficiencies in Plaintiff's complaint, the Court declines to transfer these claims.