UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WALDEN,

                Plaintiff,

-against-

THE CITY OF NEW YORK AND
MUNICIPALITY OF NEW YORK COUNTY;
CYRUS VANCE JR.; SHILPA KALRA;
JAMES MEEHAN; STEVE STANLEY; CITY
OF NEW YOUR DEPARTMENT OF LAW,

                Defendants.

20-CV-9360 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is incarcerated in Orleans Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. On December 18, 2020, the Court dismissed the complaint for failure to state a claim on which relief may be granted, for seeking monetary relief from defendants who are immune from such relief, and as frivolous. (*See* ECF No. 6.)

    On December 29, 2020, however, the Court received from Plaintiff an amended complaint, which is dated December 14, 2020. (ECF No. 8.) Under the prison-mailbox rule, a submission from a prisoner is deemed to be filed on the date that the prisoner handed the submission to prison officials for mailing. *See, e.g.*, *Nash v. Kressman*, No. 11-CV-7327, 2013 WL 6197087, at *4 (S.D.N.Y. Nov. 27, 2013) (finding that signature date on cover letter, which accompanied *pro se* complaint, established filing date for purposes of prison mailbox rule); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's document is deemed "filed" when delivered to prison authorities for forwarding to the court). Plaintiff is therefore considered to have filed the amended complaint on December 14, 2020, before the

Court's December 18, 2020 order of dismissal. The Court has reviewed the amended complaint and dismisses it for the same reasons that it dismissed the original complaint by order of dismissal dated December 18, 2020.

## DISCUSSION

In the original complaint, Plaintiff sued the City of New York; New York County District Attorney Cyrus Vance, Jr.; Assistant District Attorney Shilpa Kalra; New York City Police Department detectives James Meehan and Steve Stanley; and the New York City Department of Law. Plaintiff alleged that Defendants "kidnap[ped]" him from his home, and then "fabricated manufactured evidence to unlawfully detain[] and falsely imprison[] him, and unlawfully prosecuted him without ever prosecuting him with [a] element of a crime and without a True Bill of Indictment an[d] without[] ever convicting him or sentencing the Plaintiff." (ECF No. 2, at 1.) The original complaint also included allegations that Plaintiff was assaulted by another inmate at Orleans Correctional Facility, after which the sergeant "wrote a manufactured report" and gave Plaintiff a disciplinary infraction. (*Id.* at 9.)

By order dated December 18, 2020, the Court dismissed the complaint and entered judgment. The Court dismissed Plaintiff's claims against: (1) Vance and Kalra on grounds of prosecutorial immunity; (2) the New York City Law Department because an agency of the City of New York is not an entity that can be sued; (3) the City of New York for failure to state a claim because Plaintiff has failed to allege any facts suggesting that it has a policy, custom, or practice that has caused a violation of his constitutional rights; and (4) detectives Meehan and Stanley as barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff's conviction has not been overturned or vacated. (*See* ECF No. 6, at 5-8.) Finally, the Court dismissed Plaintiff's claims arising from the incident at Orleans Correctional Facility because Plaintiff failed to allege that any of the defendants were personally

involved in violating his rights at Orleans. The Court noted that venue for those claims is not proper in this district, but because Plaintiff failed to state a claim, the Court declined to sever and transfer those claims to the Western District of New York. (*See id*. at 8-9.) Because amendment would have been futile, the Court declined to grant Plaintiff leave to file an amended complaint.

Because under the prison-mailbox rule, Plaintiff filed the amended complaint before the Court dismissed the original complaint, the Court will consider Plaintiff's claims in the amended complaint. The amended complaint names the same defendants and includes many of the same claims and factual allegations as the original complaint.[1] Briefly stated, Plaintiff alleges that Defendants arrested, detained, and prosecuted him based on "fabricated" or "manufactured" documents, including a "manufactured" warrant, "fabricated" Grand Jury minutes, and a "falsified" arraignment sheet. (*See, e.g.*, ECF No. 8, at 3, 6.)

The amended complaint suffers from the same deficiencies as the original complaint, and the Court therefore dismisses the amended complaint for the reasons stated in its December 18, 2020 order.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with further amendment, the Court declines to grant Plaintiff leave to further amend his complaint.

---

[1] The amended complaint does not include Plaintiff's claims arising at Orleans Correctional Facility.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the amended complaint (ECF No. 8) for the same reasons that it dismissed the original complaint by order of dismissal dated December 18, 2020. This action remains closed.

SO ORDERED.

Dated:   January 29, 2021
         New York, New York

                                          *Louis L. Stanton*
                                          LOUIS L. STANTON
                                          U.S.D.J.